Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Caleb L. McGillvary ) | CIVIL ACTION NO. |
| PLAINTIFF ) | 1:22-cv-04185-CPO |
| ) | |
| V. ) | Hon. Christine P. O'Hearn, USDJ |
| ) | Motion Date: To be determined |
| Bruce Davis, Administrator ) | by the Court |
| NJSP, Attorney General of NJ ) | |
| DEFENDANT ) | |
| ) | |

NOTICE IN SUPPORT OF MOTION TO JUDGE CHAGARES UNDER
28 U.S.C. 292(b) TO DESIGNATE DISTRICT JUDGE FROM OUTSIDE
THE DISTRICT OF NEW JERSEY

TO: CLERK, ALL CAPTIONED PARTIES
    Please take notice that, on a date and time to be determined
by the Court, Plaintiff Caleb L. McGillvary ("Plaintiff"),
at the Frank R. Lautenberg U.S.P.O and Courthouse, Room 357,
2 Federal Square, Newark, NJ 07102 moves the Honorable Chief
Judge of the 3rd Circuit Michael A. Chagares for an order
designating a District Judge from outside of the District of
New Jersey to hold a District Court within the District of New
Jersey and assigning the above-captioned matter to that Judge,
pursuant to 28 U.S.C. 292(b).

    As grounds for this motion, Plaintiff relies upon his
attached Declaration and Memorandum in support of this motion.

    A proposed form of order is attached.

Date: 1/18/24

_____
Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
                              )
Caleb L. McGillvary           ) CIVIL ACTION NO.
     PLAINTIFF                ) 1:22-cv-04185-CPO
                              )
          V.                  ) Hon. Christine P. O'Hearn, USDJ
                              ) Motion Date: To be determined
Bruce Davis, Administrator    ) by the Court
NJSP, Attorney General of NJ  )
     DEFENDANT                )
                              )
```

MEMORANDUM IN SUPPORT OF MOTION TO JUDGE CHAGARES UNDER
28 U.S.C. 292(b) TO DESIGNATE DISTRICT JUDGE FROM OUTSIDE
THE DISTRICT OF NEW JERSEY

TABLE OF CONTENTS

MOTION TO JUDGE CHAGARES UNDER 28 U.S.C. 292(b) TO DESIGNATE
DISTRICT JUDGE FROM OUTSIDE THE DISTRICT OF NEW JERSEY    ...3

STATEMENT OF FACTS AND PROCEDURAL HISTORY    ...3

LEGAL ARGUMENT    ...7

POINT I: THE CURRENT HABEAS JUDGE HAS ENGAGED IN MONEY LAUNDERING
TRANSACTIONS WITH AN UNREGISTERED FOREIGN AGENT TO SECURE HER
NOMINATION TO THE FEDERAL BENCH; DOING SO AS COCONSPIRATOR WITH,
AND IN FURTHERANCE OF AN ASSOCIATED-IN-FACT ENTERPRISE WITH,
INDIVIDUALS WHO HAD AN INTEREST IN THE WELFARE OF THE ALLEGED
VICTIM IN THE CRIMINAL CASE UNDERLYING THIS HABEAS ACTION;
WHICH IS THE SUBJECT OF PETITIONER'S RELATED CIVIL ACTION AND
NUMEROUS COMPLAINTS TO GOVERNMENT AGENCIES AGAINST HER; AND
WHICH CREATES THE OBJECTIVE APPEARANCE OF IMPROPRIETY MANDATING
THAT JUDGE'S RECUSAL FROM THIS CASE    ...7

POINT II: BOTH THE CHIEF DISTRICT JUDGE AND THE CURRENT
PRESIDING JUDGE ARE PARTIES TO A RELATED MATTER AND MUST BE
RECUSED UNDER 28 U.S.C. 455(b)(5)(i)    ...9

POINT III: BOTH THE CHIEF DISTRICT JUDGE AND THE CURRENT
PRESIDING JUDGE HAVE PERSONAL KNOWLEDGE OF DISPUTED EVIDENTIARY

FACTS CONCERNING THE PROCEEDING, AND MUST BE RECUSED UNDER
28 U.S.C. 455(b)(1)                                              ...10

POINT IV: BOTH THE CHIEF DISTRICT JUDGE AND THE CURRENT
PRESIDING JUDGE ARE LIKELY TO BE MATERIAL WITNESSES TO THE
SCUTARI PROCEEDING, AND MUST BE RECUSED UNDER 28 U.S.C.
455(B)(5)(iv)                                                   ...10

POINT V: JUDGES WHO WERE RECOMMENDED FOR APPOINTMENT
AND NOMINATION TO THE FEDERAL BENCH BY U.S. SENATOR ROBERT
MENENDEZ, OR IN WHOSE NOMINATION AND APPOINTMENT MENENDEZ
PLAYED A PART, MUST BE RECUSED UNDER 28 U.S.C. 455(a)      ...11

POINT VI: IT IS IN THE PUBLIC INTEREST TO ASSIGN THIS CASE TO
AN OUT OF DISTRICT JUDGE TO PREVENT FURTHER DUE PROCESS
VIOLATIONS FROM THE CIRCUMSTANCES GIVING RISE TO THE NECESSITY
OF RECUSAL                                                     ...13

POINT VII: THE DNJ LOCAL CIVIL RULES REQUIRE THE CHIEF JUDGE
TO REASSIGN THIS CASE, BUT THE CHIEF JUDGE MUST BE RECUSED,
SO ONLY THE CHIEF JUDGE OF THE 3RD CIRCUIT HAS AUTHORITY TO
REASSIGN THIS CASE, AND IT IS IN THE PUBLIC INTEREST TO DESIGNATE
A DISTRICT JUDGE FROM OUTSIDE OF THE DISTRICT FOR THIS CASE
                                                              ...15

CONCLUSION                                                    ...17

TABLE OF AUTHORITIES

CASELAW
Alexander v Primerica Holdings, Inc. 10 F.3d 155 (CA3 1993)
                                                          ...7,8,11
Clemmons v Wolfe 37 F.3d 322 (CA3 2004)
                                                              ...15
Fay v Noia 372 U.S. 391 (1963)
                                                              ...13
Hassine v Zimmerman 160 F.3d 941 (CA3 1998)
                                                              ...13
In Re Caleb L. McGillvary App. No. 22-3068, 23-1773, 23-2660,
23-2820, 23-3055
                                                             ...4,14
In Re Complaint of Judicial Misconduct or Disability, J.C. No.
03-23-90089, 90090, 90091, 90132, 90133
                                                               ...6
Madden v Myers 102 F.3d 74 (CA3 1996)
                                                              ...13
McGillvary v Scutari et al, Dkt. No. 1:23-cv-22605-JMY
                                                       ...in passim
Johnson v Rogers 917 F.2d 1283 (CA10 1990)
                                                              ...13

STATUTES
18 U.S.C. 1956                                               ...3,7

28 U.S.C. 292(b)                                    ...3,7,14,16,17

28 U.S.C. 455                                       ...in passim

52 U.S.C. 30104                                     ...5,8,9,11

N.J.S.A. 2C:27-2, -10, -11                          ...5,8,12

COURT RULES
DNJ L. Civ. R. 40.1(g)                              ,...15

Fed. R. Civ. P. 10(c)                               ...3

FEDERAL REGULATIONS
11 C.F.R. 104                                       ...5,8,11

11 C.F.R. 110                                       ...5

...

## MOTION TO JUDGE CHAGARES UNDER 28 U.S.C. 292(b) TO DESIGNATE DISTRICT JUDGE FROM OUTSIDE THE DISTRICT OF NEW JERSEY

Petitioner    Caleb    L.    McGillvary    ("Petitioner")    hereby
moves   the   Honorable   Chief   Judge   of   the 3rd Circuit Michael A.
Chagares   in   his   supervisory   authority over the District of New
Jersey   for   an   order   designating a District Judge from outside
of   the   District   of   New Jersey to hold a District Court within
the   District   of   New   Jersey  and assigning the above-captioned
matter   to   that   Judge,  pursuant to 28 U.S.C. 292(b). In  support
of   this   motion,   Petitioner urges   the   following grounds:

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

Petitioner    incorporates    and    adopts    by    reference
his   entire   motion   to   recuse   Judge   O'Hearn; ECF 32; and also
his   declaration   in   support   of   this   motion   under Fed. R.
Civ. P. 10(c), and avers that it shows the following:

On   June   22,   2022,   Petitioner   filed   the   instant habeas
petition. ECF 1.

On   November   7,   2022, Petitioner filed a petition for writ

of mandamus to this Court regarding the 5 month delay in issuance of a show cause order. See In Re Caleb L. McGillvary, App. No. 22-3068,

On December 1, 2022, the District Court issued a show cause order. ECF 6.

On March 30, 2023, Respondent State of NJ filed a Response to the Show Cause Order. ECF 12.

On May 15, 2023, Petitioner filed his traverse and reply to the State's Answer to the Show Cause Order, making the habeas petition ripe for a decision on this date. ECF 15, 16.

During the period from May 15, 2023 until January 9, 2024, the District of New Jersey has failed to file 3 separate motions, which is the subject of the mandamus petitions at In Re Caleb L. McGillvary, App. No. 23-1773, 23-2660, 23-2820, and 23-3055. Petitioner incorporates these mandamus petitions by reference herein, which contain declarations and exhibits showing authenticated documentary evidence chronicling the tampering with the mail and failure to file documents occurring at the District of New Jersey specifically in Petitioner's habeas case.

On November 6, 2023, Petitioner filed a civil lawsuit pursuant to the Prison Mailbox Rule: naming, among others, the presiding habeas judge Hon. Christine P. O'Hearn as a defendant. See McGillvary v Scutari et al, dkt no. 1:23-cv-22605-JMY. In his complaint, he alleges that Federal Election Commission Records show that Christine P. O'Hearn made two transactions of $2,500 each; both on the same day, September 30, 2011; which transactions were structured to avoid the reporting

4

requirements for contributions in excess of $3,300 imposed by 52 U.S.C. 30104 et seq. and 11 C.F.R. 104 et seq. and 110 et seq.; in violation of 18 U.S.C. 1956. He also specifically alleges that O'Hearn made these transaction to unregistered foreign agent U.S. Senator Robert Menendez as consideration for his performance of acts in securing a nomination of O'Hearn to the federal bench, in violation of N.J.S.A. 2C:27-2, -10, and -11. The money laundering and bribery which O'Hearn thusly engaged in was part of a pattern of racketeering activity in furtherance of an enterprise which has funded Menendez's political campaigns for years. That enterprise was associated-in-fact; and one of the individuals associated-in-fact with the enterprise was the alleged victim in the criminal case underlying this habeas action. Several others of the individuals associated-in-fact with the enterprise are or were friends of that alleged victim, or individuals in whom he had an interest in the welfare of, or whom had an interest in the alleged victim's welfare.

Plaintiff has also named other Judges in the District of New Jersey as defendants in the complaint, for the reason of the tampering with and obstruction of Petitioner's mail in furtherance of the associated-in-fact enterprise previously described.

The complaint further shows that Menendez has repeatedly used his office to obtain favors, including nomination to the Federal bench, for those who are associated-in-fact

5

with him or his network. For these reasons, it would create the objective appearance of impartiality for any District Judge who was recommended by Menendez, or in whose appointment or nomination Menendez played a part, to preside over the screening or disposition of this matter.

Whether accepted by this Court as declared by Plaintiff, or subject to judicial notice, it is a fact that Menendez is currently under indictment for accepting bribes to perform official acts, and also for acting as an unregistered foreign agent. According to this indictment, he was acting as an unregistered foreign agent of Egypt during the period of time in which he acted to secure O'Hearn's nomination to the federal bench. O'Hearn was therefore handpicked by an enemy agent, which is the subject of Scutari and also of Judicial Misconduct Complaints believed by Petitioner to be under investigation by a special committee. See In Re Complaint of Judicial Misconduct or Disability, J.C. No. 03-23-90089, 90090, 90091, 90132, and 90133.

As pled in the initial complaint of Scutari, Hon. Renee Marie Bumb has personal knowledge of conversations she's had with Madeline Cox-Arleo and Christine P. O'Hearn which are the subject of disputed evidentiary facts in this proceeding. Judge Bumb is therefore likely to be a material witness in Scutari.

On December 1, 2023, Petitioner filed a motion to recuse Judge O'Hearn, citing amongst other reasons the complaints he filed with the District Court, the Federal Elections Commission,

and the Department of Justice regarding her money laundering.

On December 12, 2023, the Respondent State of NJ filed a response to the motion to recuse indicating that they would not oppose it.

On December 21, 2023, Chief Judge of the 3rd Circuit Michael A. Chagares intervened in McGillvary v Scutari et al and reassigned the case to a district judge outside of the District of NJ pursuant to 28 U.S.C. 292(b).

On January 2, 2024, Chief Judge Chagares again reassigned the Scutari case to a different judge from the Eastern District of Pennsylvania, Hon. John Milton Younge, U.S.D.J. under 28 U.S.C. 292(b).

On January 9, 2024, Hon. Christine P. O'Hearn ordered in regards to the pending motion to recuse that the habeas case was administratively terminated pending the resolution of McGillvary v Scutari et al.

This motion is now before the Court.

LEGAL ARGUMENT

POINT I: THE CURRENT HABEAS JUDGE HAS ENGAGED IN MONEY LAUNDERING TRANSACTIONS WITH AN UNREGISTERED FOREIGN AGENT TO SECURE HER NOMINATION TO THE FEDERAL BENCH; DOING SO AS COCONSPIRATOR WITH, AND IN FURTHERANCE OF AN ASSOCIATED-IN-FACT ENTERPRISE WITH, INDIVIDUALS WHO HAD AN INTEREST IN THE WELFARE OF THE ALLEGED VICTIM IN THE CRIMINAL CASE UNDERLYING THIS HABEAS ACTION; WHICH IS THE SUBJECT OF PETITIONER'S RELATED CIVIL ACTION AND NUMEROUS COMPLAINTS TO GOVERNMENT AGENCIES AGAINST HER; AND WHICH CREATES THE OBJECTIVE APPEARANCE OF IMPROPRIETY MANDATING THAT JUDGE'S RECUSAL FROM THIS CASE

STANDARD OF REVIEW

"Whenever a judge's impartiality 'might reasonably be questioned' in a proceeding, 28 U.S.C. 455(a) commands the judge to disqualify himself sua sponte in that proceeding. For purposes

7

of 455(a) disqualification, it does not matter whether the
district court judge actually harbors any bias against a party
or that party's counsel. This is so because 455(a) concerns
not only fairness to individual litigants, but equally important,
it concerns the public's confidence in the judiciary, which
may be irreparably harmed if a case is allowed to proceed before
a judge who appears to be tainted." Alexander v Primerica
Holdings, Inc. 10 F.3d 155, 162 (CA3 1993)(Internal quotations
and citations omitted).

ANALYSIS

Plaintiff has alleged in McGillvary v Scutari that the
current judge presiding over his habeas petition has engaged
in transactions structured to avoid the reporting requirements
of 52 U.S.C. 30104 et seq. and 11 C.F.R. 104 et seq.; in
violation of 18 U.S.C. 1956; which transactions were the benefit
as consideration for the unregistered foreign agent Robert
Menendez's act of lobbying for that judge's nomination to the
federal bench; in violation of N.J.S.A. 2C:27-2, -10, and -11.
Robert Menendez is currently under indictment for acting as
an unregistered agent of Egypt during the period in which he
recommended said judge's nomination to the bench. Plaintiff's
complaint in Scutari alleges that this quid pro quo arrangement
was in furtherance of a money laundering network which Judge
O'Hearn forms a part of; and which, according to the records
of the NJ Election Law Enforcement Commission, included the
alleged victim in the underlying state criminal case challenged
through this habeas action.

8

A reasonable person, informed of all these facts, would reasonably question the propriety of a money laundering judge presiding over the habeas petition of the man who is alleged to have killed a person who was her associated-in-fact coconspirator in the money laundering network. A reasonable person would also question the propriety of a judge; who Federal Elections Commission disclosure statements incontrovertibly show making two $2,500 transactions on the same day to the campaign of unregistered foreign agent Menendez structured to avoid reporting requirements for violations of campaign contribution limits imposed by 52 U.S.C. 30104 et seq.; presiding over the habeas petition of the same person who reported her for doing so to the Federal Elections Commission, US Department of Justice, and Government Accountability Office. Certainly, it would be inappropriate in the eyes of any reasonable person for such a judge to preside over this habeas petition while there is such a controversy under investigation.

The fact that the transactions are matters of public records kept by State and Federal Election Law Commissions, takes the allegations from the realm of speculation to objective reasonableness. It would perhaps irreparably damage the Public's faith in the integrity of the Judiciary for such a judge to preside over the petition of the person who reported her for money laundering in support of an unregistered foreign agent.

For all the foregoing reasons, Petitioner respectfully urges the Court to find that it is in the public interest to recuse Judge Christine P. O'Hearn from this matter, pursuant

to 28 U.S.C. 455.

POINT II: BOTH THE CHIEF DISTRICT JUDGE AND THE CURRENT PRESIDING JUDGE ARE PARTIES TO A RELATED MATTER AND MUST BE RECUSED UNDER 28 U.S.C. 455(b)(5)(i)

STANDARD OF REVIEW

Any Judge "Shall also disqualify himself in the following circumstances: ... he ... is a party to the proceeding." 28 U.S.C. 455(b)(5)(i)

ANALYSIS

As pled throughout the initial complaint of Scutari, Judge O'Hearn and Chief Judge Renee Marie Bumb are both parties to the Scutari proceeding.

For all the foregoing reasons, Petitioner respectfully urges the Court to find that it is in the public interest that they both must therefore be recused.

POINT III: BOTH THE CHIEF DISTRICT JUDGE AND THE CURRENT PRESIDING JUDGE HAVE PERSONAL KNOWLEDGE OF DISPUTED EVIDENTIARY FACTS CONCERNING THE PROCEEDING, AND MUST BE RECUSED UNDER 28 U.S.C. 455(b)(1)

STANDARD OF REVIEW

Any Judge "Shall also disqualify himself in the following circumstances: Where he has ... personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. 455(b)(1)

ANALYSIS

As pled in the initial complaint of Scutari, Judge Bumb and Judge O'Hearn were privy to conversations and events which concern evidentiary facts subject to dispute in that proceeding.

10

For all the foregoing reasons, Petitioner respectfully urges the Court to find that it is in the public interest that they both must therefore be recused.

POINT IV: BOTH THE CHIEF DISTRICT JUDGE AND THE CURRENT PRESIDING JUDGE ARE LIKELY TO BE MATERIAL WITNESSES TO THE SCUTARI PROCEEDING, AND MUST BE RECUSED UNDER 28 U.S.C. 455(B)(5)(iv)

STANDARD OF REVIEW

Any Judge "Shall also disqualify himself in the following circumstances: ... he ... is to the judge's knowledge likely to be a material witness to the proceeding." 28 U.S.C. 455(b)(5)(iv)

ANALYSIS

As pled in the initial Scutari complaint, Judge Bumb and Judge O'Hearn were privy to conversations and events which concern evidentiary facts subject to dispute in that proceeding; which makes them more likely than not to be a material witness herein.

For all the foregoing reasons, Petitioner respectfully urges the Court to find that it is in the public interest that they both must therefore be recused.

POINT V: JUDGES WHO WERE RECOMMENDED FOR APPOINTMENT AND NOMINATION TO THE FEDERAL BENCH BY U.S. SENATOR ROBERT MENENDEZ, OR IN WHOSE NOMINATION AND APPOINTMENT MENENDEZ PLAYED A PART, MUST BE RECUSED UNDER 28 U.S.C. 455(a)

STANDARD OF REVIEW

"Whenever a judge's impartiality 'might reasonably be questioned' in a proceeding, 28 U.S.C. 455(a) commands the judge to disqualify himself sua sponte in that proceeding. For

11

purposes of 455(a) disqualification, it does not matter whether the district court judge actually harbors any bias against a party or that party's counsel. This is so because 455(a) concerns not only fairness to individual litigants, but equally important, it concerns the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." Alexander v Primerica Holdings, Inc. 10 F.3d 155, 162 (CA3 1993)(Internal quotations and citations omitted).

ANALYSIS

Plaintiff has alleged in his initial complaint that the current judge presiding over his habeas petition has engaged in transactions structured to avoid the reporting requirements of 52 U.S.C. 30104 et seq. and 11 C.F.R. 104 et seq.; in violation of 18 U.S.C. 1956; which transactions were the benefit as consideration for the unregistered foreign agent Robert Menendez's act of lobbying for that judge's nomination to the federal bench; in violation of N.J.S.A. 2C:27-2, -10, and -11. Robert Menendez is currently under indictment for acting as an unregistered agent of Egypt during the period in which he recommended said judge's nomination to the bench. Plaintiff's complaint alleges that this quid pro quo arrangement was in furtherance of a money laundering network which Judge Bumb also forms a part of; and which, according to the records of the NJ Election Law Enforcement Commission, included the alleged victim in another case in which Plaintiff is challenging a State Conviction

12

through a habeas action.

Menendez has repeatedly used his office to obtain favors, including nomination to the Federal bench, for those who are associated-in-fact with him or his network. For these reasons, it would create the objective appearance of impartiality for any District Judge who was recommended by Menendez, or in whose appointment or nomination Menendez played a part, to preside over the screening or disposition of this matter.

For all the foregoing reasons, Petitioner respectfully urges the Court to find it in the public interest to recuse the judges of the District of New Jersey, in whose nominations US Senator Menendez played a part, from this matter: pursuant to 28 U.S.C. 455(a).


POINT VI: IS IN THE PUBLIC INTEREST TO ASSIGN THIS CASE TO AN OUT OF DISTRICT JUDGE TO PREVENT FURTHER DUE PROCESS VIOLATIONS FROM THE CIRCUMSTANCES GIVING RISE TO THE NECESSITY OF RECUSAL

STANDARD OF REVIEW

The 3rd Circuit has held that the 5th Amendment Right to Due Process is implicated by an inordinate delay in the resolution of a habeas petition:

"We stated [in Madden v Myers] that 'although this [8 month] delay is of concern, it does not yet rise to the level of a denial of due process', implying that at some point, delay by the district court could become so excessive as to warrant the issuance of a writ of mandamus ... we are not alone in entertaining writs of mandamus due to extraordinary federal

delay. See, E.G. Johnson v Rogers 917 F.2d 1283, 1285 (CA10 1990)(Granting a writ of mandamus after a fourteen-month delay [from filing] by the district court)." Hassine v Zimmerman 160 F.3d 941, 954 (CA3 1998)(Quoting Madden v Myers 102 F.3d 74, 76 (CA3 1996)).

Writs of habeas corpus are intended to afford a "swift and imperative remedy in all cases of illegal restraint or confinement." Fay v Noia 372 U.S. 391, 400 (1963).

ANALYSIS

Good reasons for delay are absent in this case. Petitioner has met all his deadlines and complied with every procedure. This habeas proceeding is taken straight from direct appeal, so it's not as if Respondent had to look hither and yon to find long-archived records. The record was already pre-assembled from the state appellate records.

Petitioner even filed a motion for summary judgment on fewer than all claims, which the Respondent conceded all the material facts in support of. In response to a petition for writ of mandamus on the district court's denial of summary judgment, this Court previously held that "it appears that the district court will rule upon it in due course." See In Re Caleb McGillvary, App. No. 23-2660, 23-2820. This administrative termination of the habeas petition by the district court shows that such an appearance belies the reality of the indefinite delay of the case. There will be no ruling for perhaps a full decade, if the related case is remanded on appeal or becomes a procedural morass.

14

And the district judge who issued the order administratively terminating the habeas case should have recused herself rather than doing so, as she was indisputably a party to the related action. She even held so in her order, that she was a named defendant, yet did not recuse herself under 28 U.S.C. 455(a), (b) like she was supposed to. Instead, she has effectively used her judicial office to blackmail Petitioner: "Either drop the lawsuit against me or you'll never get a ruling on your habeas petition."

In short, the district court has deprived Defendant of due process indefinitely. There is no longer any assurance that the district court "will rule upon the petition in due course"; as the administrative termination has closed the case without an adjudication of the merits. Action under 28 U.S.C. 292(b) is necessary for the same reasons given in Madden and Hassine: to prevent the district court from failing to exercise jurisdiction, and thereby to preserve Petitioner's due process rights.

For all the foregoing reasons, Petitioner respectfully urges the Court to find that it is in the public interest that the deprivation of Due Process embodied by the January 9, 2024 administrative termination of this case cannot be allowed to stand.

POINT VII: THE DNJ LOCAL CIVIL RULES REQUIRE THE CHIEF JUDGE TO REASSIGN THIS CASE, BUT THE CHIEF JUDGE MUST BE RECUSED, SO ONLY THE CHIEF JUDGE OF THE 3RD CIRCUIT HAS AUTHORITY TO REASSIGN THIS CASE, AND IT IS IN THE PUBLIC INTEREST TO DESIGNATE A DISTRICT JUDGE FROM OUTSIDE OF THE DISTRICT FOR THIS CASE

STANDARD OF REVIEW

"A civil action filed against a Judge shall be assigned to a Judge in a vicinage other than the vicinage where the defendant Judge maintains his or her permanent duty station and if the assignee Judge determines that the suit is patently frivolous, or if judicial immunity is plainly applicable, the assignee Judge need not recuse, but in all other cases, the assignee Judge is disqualified and shall refer the matter to the Chief Judge for assignment outside the District of New Jersey." DNJ L. Civ. R. 40.1(g)

ANALYSIS

Judge Robert A. Kirsch is a party to the Scutari action, and the vicinage in which he maintains his permanent duty station is Trenton. He is also disqualified under Clemmons v Wolfe 377 F.3d 322, 329 (CA3 2004). Judges Madeline Cox-Arleo and Cathy L. Waldor are parties to the Scutari action, and the vicinage in which they maintain their permanent duty station is Newark. Judges Christine P. O'Hearn and Renee Marie Bumb are parties to the Scutari action, and the vicinage in which they maintain their permanent duty station is Camden. There being no vicinage in which a Judge is not a party to this action, and the Chief Judge being a party to this action yet also needing to be recused, creates quite the procedural conundrum for which there is no caselaw nor court rule that is on point. But one thing is for sure: 28 U.S.C. 292(b) provides that the Chief Judge of the 3rd Circuit, upon a finding of it being in the public interest to do so, may designate a district judge from anywhere in the circuit

to hold a district court in NJ for the purpose of this case. Petitioner adopts by reference "POINT I"-"POINT VI" above as showing that it is clearly in the public interest to do so. For all these reasons, Petitioner respectfully asks the Chief Judge of the 3rd Circuit to issue an order under his supervisory powers and 28 U.S.C. 292(b), designating a judge from the Eastern District of Pennsylvania to preside over all further proceedings in the above-captioned matter.

## CONCLUSION

For all the foregoing reasons, Petitioner respectfully urges the Honorable Chief Judge of the 3rd Circuit Michael A. Chagares in his supervisory authority over the District of New Jersey to issue an order designating a District Judge from the Eastern District of Pennsylvania to hold a District Court within the District of New Jersey and assigning the above-captioned matter to that Judge, pursuant to 28 U.S.C. 292(b).

Date: V18/24

Respectfully Submitted,

_____
Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

17

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Caleb L. McGillvary | ) CIVIL ACTION NO. |
|     PLAINTIFF | ) 1:22-cv-04185-CPO |
| | ) |
| V. | ) Hon. Christine P. O'Hearn, USDJ |
| | ) Motion Date: To be determined |
| Bruce Davis, Administrator | ) by the Court |
| NJSP, Attorney General of NJ | ) |
|     DEFENDANT | ) |
| | ) |

DECLARATION IN SUPPORT OF MOTION TO JUDGE CHAGARES UNDER
28 U.S.C. 292(b) TO DESIGNATE DISTRICT JUDGE FROM OUTSIDE
THE DISTRICT OF NEW JERSEY

I, Caleb L. McGillvary, hereby declare pursuant to 28 U.S.C.
1746 the following:

1.) I am the pro se petitioner for habeas corpus in
the above-captioned matter.

2.) On June 22, 2022, Petitioner filed the habeas corpus
petition in this matter.

3.) On December 2, 2022, the District Court screened the
petition in this matter and issued a Show Cause Order.

4.) On March 30, 2023, the State of New Jersey
("Respondent") filed a Response to the District Court's Show
Cause Order.

5.) On May 15, 2023, I filed a Reply to the Respondent's
Response to the Show Cause Order.

1

6.) Based on the facts in "2"-"5" above, my habeas petition has been ripe for a decision since May 15, 2023.

3.) On December 12, 2023, the Clerk filed Petitioner's initial complaint in McGillvary v Scutari onto the docket at 1:23-cv-22605-RMB-MJS. Petitioner specifically alleges in paragraph "76" that, "On June 22, 2022, Petitioner filed a petition for writ of habeas corpus in the USDC-DNJ; which was automatically assigned to Arleo under DNJ L. Civ. R. 40.1 because of her previously presiding over an action involving the same set of facts"; in specific reference to this case. Petitioner then alleges numerous constitutional and RICO violations related to this case, in paragraphs "75-116" of that complaint.

4.) On or about January 2, 2024, Chief Judge of the 3rd Circuit Michael A. Chagares ("Judge Chagares") entered an order in McGillvary v Scutari, Dkt No. 1:23cv-22605-RMB-MJS; ECF 5; that said case, and all related cases, were thereafter reassigned to Judge John Milton Younge of the Eastern District of Pennsylvania pursuant to 28 U.S.C. 292(b).

5.) The instant case is related to McGillvary v Scutari, as described in "7"; and is therefore subject to the order described in "8".

9.) On December 1, 2023, I filed a motion for the current presiding judge on my habeas petition, Hon. Christine P. O'Hearn, to recuse herself under 28 U.S.C. 455(a), (b). I cited as grounds for my motion the fact that she was the subject of numerous complaints by Petitioner regarding her money laundering in support of unregistered agent US Senator Robert Menendez,

2

including the complaint described in "7".

6.) On or about January 2, 2024, I received the State's response to my motion to recuse Judge O'Hearn in this matter; in which the Respondent indicated they would not oppose my motion.

11.) On January 4, 2024, I sent a reply to the Respondent's response to my motion to recuse, to which I attached a declaration referencing the Chief Judge's order described in "8" above and stating that this is a related case and should be referred to the Chief Judge of the 3rd Circuit for reassignment pursuant to that order. Also on this date, I sent a letter to Hon. John Milton Younge stating substantially the same thing: that this was a related case and should be ordered reassigned to Judge Younge.

12.) On January 8, 2024, I sent a letter to Judge Chagares, filing same with the Clerk of the District Court in the DNJ and serving same upon all parties to this action, indicating that this case is related to McGillvary v Scutari and should therefore also be transferred under 28 U.S.C. 292(b)

13.) On January 9, 2024, Judge O'Hearn issued an order terminating the instant matter administratively, citing Chief Judge Chagares's January 2, 2024 order and finding that she and the chief Judge of the District of New Jersey, Hon. Renee Marie Bumb, were Defendants in McGillvary v Scutari; and ordering that the case remain closed "unless and until" the disposition of Scutari. Judge O'Hearn did not certify it under Fed. R. Civ. P. 54(b).

3

14.) On January 11, 2024, Petitioner called the chambers of Judge Chagares to make an ex parte application for him to review Judge O'Hearn's January 9, 2024 order; giving as grounds that she had based her decision on Judge Chagares's January 2, 2024 Order but that the order did not specify the administrative termination of this action and so the termination was without authority. Also on this date, Petitioner filed a petition for writ of mandamus with the US Court of Appeals for the 3rd Circuit regarding this matter.

15.) Based on all the foregoing information, I believe that Judge O'Hearn is retaliating against me for my Petition for redress described in "7"; by terminating my ripe petition for habeas corpus and thereby depriving me of due process.

16.) For all the foregoing reasons, and for all the reasons contained within my motion to recuse Judge O'Hearn adopted by reference herein, and for all the reasons contained within my petitions for mandamus entered onto the docket in this matter adopted by reference herein; I believe in good faith that it would undermine public confidence in the judiciary for my case to remain in the District of New Jersey. For these reasons, I believe in good faith that it is in the public interest to designate a District Judge from outside of the District of New Jersey to preside over my habeas petition.

4

I declare under penalty of perjury that all documents attached
hereto are true and accurate copies of the originals.

I declare under penalty of perjury that the foregoing statements
are true and accurate.
Executed this 18th day of JANUARY , 20 24

Date: 1/18/24

_____
Caleb L. McGillvary, ProSe
#1222665/SBI#102317GNJSP
PO Box 861, Trenton, NJ08625

5

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

RECEIVED

JAN 25 2024

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Caleb L. McGillvary | ) CIVIL ACTION NO. |
| PLAINTIFF | ) 1:22-cv-04185-CPO |
| | ) |
| V. | ) Hon. Christine P. O'Hearn, USDJ |
| | ) Motion Date: To be determined |
| Bruce Davis, Administrator | ) by the Court |
| NJSP, Attorney General of NJ | ) |
| DEFENDANT | ) |
| | ) |

ORDER DESIGNATING A DISTRICT JUDGE TO HOLD A DISTRICT COURT
WITHIN THE CIRCUIT AND REASSIGNING CASE

THIS MATTER having been opened to the Honorable Chief Judge of the 3rd Circuit Michael A. Chagares on motion by Plaintiff Caleb L. McGillvary for an order designating a District Judge from outside of the District of New Jersey to hold a District Court within the District of New Jersey and assigning the above-captioned matter to that Judge, pursuant to 28 U.S.C. 292(b), and Chief Judge Chagares having considered the papers submitted and the arguments therein, and FOR GOOD CAUSE SHOWN

It is on this ___ Day of _____, 20___

ORDERED that Plaintiff's motion is hereby GRANTED; and it is further

ORDERED that pursuant to 28 U.S.C. 292(b), and finding that it is in the public interest to do so, I hereby designate and assign the Honorable _____ of the United States District Court for the Eastern District of Pennsylvania for such a period as is necessary for the disposition of the above-entitled matter and all related cases; and it is further

ORDERED that a copy of this order be served upon all parties appearing in this matter within 7 days of this order

_____
Michael A. Chagares, Chief Judge, U.S.C.A. - 3rd Cir.

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

JANUARY 24, 20 24

RECEIVED

JAN 25 2024

Clerk, US Dist. Ct. - DNJ
US Courthouse
4th and Cooper Streets
Camden, NJ 08101-2797

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

     RE: Caleb L. McGillvary v. Bruce Davis, Adm'r NJSP
     Civil Action No. 1:22-cv-04185-CPO
     Hon. Christine P. O'Hearn, U.S.D.J.

Dear Clerk;
     Please find enclosed and file onto the docket the original
and 3 copies of my notice, declaration, proposed order, and
memorandum in support of my motion to the Honorable Chief Judge
of the 3rd Circuit Michael A. Chagares for an order designating
a District Judge from outside of the District of New Jersey
to hold a District Court within the District of New Jersey and
assigning the above-captioned matter to that Judge, pursuant
to 28 U.S.C. 292(b); and proof of service thereof; in the
above-captioned matter.

                        Kind Regards,

                    Caleb L. McGillvary
                    In Propria Persona

ENCL:
CC: FILE

RECEIVED

JAN 25 2024

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

PROOF OF SERVICE

I, Caleb L. McGillvary, declare pursuant to 28 U.S.C. 1746 that on today's date, I placed in the institutional mailing system here where I'm incarcerated at NJ State Prison 3rd & Federal Streets Trenton, NJ 08625; with First Class Postage prepaid to be sent via USPS Mail; the original and 3 copies of my notice, declaration, proposed order, and memorandum in support of my motion to the Honorable Chief Judge of the 3rd Circuit Michael A. Chagares for an order designating a District Judge from outside of the District of New Jersey to hold a District Court within the District of New Jersey and assigning the above-captioned matter to that Judge, pursuant to 28 U.S.C. 292(b) to the Clerk of the USDC-DNJ at 4th & Cooper Sts. Camden, NJ 08101-2797 for filing; and a copy of said document to Counsel for Respondent, Amanda G. Schwartz at PO Box 085, 25 Market St. Trenton, NJ 08625-0085 for service.

I hereby invoke the prison mailbox rule.

I declare under penalty of perjury that the foregoing statements made by me are true and accurate.

Executed this 18 Day of JANUARY , 20 24

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

C MCGILLVARY
#1222665/SBI #102317G
NJSP Po Box 861
TRENTON, NJ
08625-0861








UNITED STATES POSTAGE
PITNEY BOWES
02 1P          $ 004.40⁰
0000931903    JAN 23 2024
MAILED FROM ZIP CODE 08611



CERTIFIED MAIL™

7012 0470 0002 1141 1144

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CLERK, USDC-DNJ
U.S. COURTHOUSE
4TH & COOPER STS.
CAMDEN, NJ
08101-2797

RECEIVED
JAN 25 2024
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

X-RAYED

LEGAL MAIL