

**State of New Jersey**

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF CRIMINAL JUSTICE
PO BOX 085
TRENTON, NJ 08625-0085
TELEPHONE: (609) 984-6500

MATTHEW J. PLATKIN
*Attorney General*

J. STEPHEN FERKETIC
*Director*

December 16, 2024

The Honorable Mark R. Hornak, U.S.D.J

    Re:    <u>Caleb McGillvary v. The Attorney General of the State of New Jersey, et al.</u>
            Civil Action No. 22-4185 (MRH)

Dear Judge Hornak:

    The State submits this response to Petitioner's objections to Chief United States Magistrate Judge Richard A. Lanzillo's Report and Recommendation. As detailed below, petitioner's objections merely restate arguments previously presented in his petition, reply, and summary judgment motions, without identifying any specific errors in the Magistrate Judge's analysis. While the State primarily relies on its March 30, 2023, Answer in opposition to the Petition For Writ Of Habeas Corpus, it adds the following in support of adopting the Report and Recommendation.

    Judge Lanzaillo properly determined that petitioner's Sixth Amendment claim in Ground One of his habeas petition "is

 

deficient in several grounds" including that he "failed to demonstrate that his comments at the hearing on January 7, 2019, amounted to a clear and unequivocal waiver of his right to counsel."  McGillvary v. The Attorney General of the State of New Jersey, etl al, No. 1:22-CV-04185-MRH, at 18 (D.N.J Nov. 5, 2024) (Report and Recommendation).  The recommendation properly determined that petitioner's outburst during a pretrial conference to "litigate [his] motion pro se" and to "pro se argue [his] case" did not constitute a proper exercise of his Sixth Amendment right.  ECF No. 34, 7T4-3to 5.  The Recommendation acknowledges that by saying that he was "assert[ing] [his] Sixth Amendment right to litigate [his] motion pro se and . . . request[ing] pro se to argue [his] case" petitioner's request was ambiguous at best, as the wording "strong suggests that his purpose in speaking up was to obtain a ruling on his pro se motion to dismiss.  (Report and Recommendation at 18); see ECF No. 32, 7T4-3 to 5.

The  issue of self-representation was then not raised again until the conclusion of trial on May 23, 2019, ECF No. 47, 20T4-7 to 9, and at no point "throughout the . . . pretrial proceedings and the trial itself, did [petitioner] make any attempt to clarify or correct the trial court's interpretation of his request[,]"  (Report and Recommendation at 19).  Consequently, it was reasonable for the trial court to "conclude

2

that his request . . . amounted [to] nothing more than a request for an adjudication on his pro se motion to dismiss." (Report and Recommendation at 21). Moreover, even if petitioner's outburst was a clear and unequivocal request, he waived that right through his subsequent conduct of abandoning this request and proceeding to trial with the assistance of counsel. See Pitts v. Redman, 776 F.Supp. 907, 915-16 (D. Del. 1991) (citing Brown v. Wainwright, 665 F.2d 607, 609-10 (5th Cir. 1982)).

Waiver is appropriately found if it is "reasonable for the court to find that a defendant "has abandoned his initial request to represent himself." Brown, 665 F.2d at 611-12. As the Magistrate noted, waiver applies to a "defendant who voluntarily elects to proceed with counsel after an ineffective, ambiguous, or unresolved request to represent himself," which aptly describes petitioner's behavior in this case, as he never maintained his assertion to represent himself following the January 7, 2019, case management conference. (Report and Recommendation at 21). The state court record clearly shows that, despite being instructed to file a proper motion, petitioner never renewed his request to proceed pro se. Instead, he allowed his defense counsel to continue representation throughout five months of proceedings and eleven days of trial. For all these reasons, which are explained in

more detail in the State's Answer, habeas relief should be denied based on the first ground of the petition.

Similarly, Judge Lanzillo correctly determined that the alleged Brady v. Maryland, 373 U.S. 83 (1963) violation raised in Ground Two of petitioner's habeas petition does not warrant relief. First Judge Lanzillo properly noted that "[b]ecause [petitioner] failed to raise his Brady claim in a procedurally appropriate motion, the trial court did not err in failing to consider the merits of that pro se claim." (Report and Recommendation at 23). Although Judge Kirsch instructed petitioner on the proper procedure for filing the motion, petitioner never complied. Thus, there was no error in the trial court's decision to not address the motion's merits, as it was never properly before the court.

Judge Lanzillo correctly applied the standard under Arizona v. Youngblood, 488 U.S. 51, 57 (1988), regarding the failure to preserve evidence that is only potentially exculpatory, noting that the "evidence targeted in [petitioner's] petition was, at most, potentially exculpatory." (Report and Recommendation at 25). Under that standard, a due process violation occurs only when a defendant can prove three elements: (1) that the potentially exculpatory nature of the evidence was apparent when it was destroyed, (2) comparable evidence was not reasonably available by other means, and (3) the government acted in bad

faith.  See Youngblood, 488 U.S. at 58; California v. Trombetta, 467 U.S. 479, 489 (1984).  Without a showing of bad faith by the police, "the failure to preserve potentially useful evidence does not constitute a denial of due process of law." Youngblood, 488 U.S. at 58.

Regarding bad faith Judge Lanzillo correctly determined that petitioner "has failed to meet [his] burden" because petitioner relied on allegations that "are entirely conclusory[.]"  (Report and Recommendation at 26).  There was extensive testimony at trial regarding police actions, including evidence collection procedures, reasons for collection, and explanations for why certain items were not collected or tested. See ECF No. 38, 11T97-18 to 22, 11T74-1 to 17; 11T100-5 to 11, 11T143-8 to 20, 11T143-2 to 144-5, 11T79-25 to 80-3; 11T113-17 to 20,  11T114-13 to 14, 11T95-18 to 23, 11T166-2 to 14, 11T128-14 to 23, 11T139-12 to 23, 11T140-17 to 25, 11T113-17 to 20, 11T117-7 to 22, 11T196-5 to 15, 11T210-5 to 12, 11T118-1 to 119-1;  ECF No. 40, 13T159-20 to 24, 13T159-17 to 19,  13T113-10 to 16, 13T113-22 to 115-12.  The record also included testimony about the police investigation of New Jersey Transit surveillance footage, which petitioner stipulated as being "true and accurate recordings."  ECF No. 38, 11T218-10 to 25; ECF No. 39, 12T228-1 to 2, 12T223-14 to 224-7, 12T215-3 to 20, 12T230-13 to 18, 12T202-3 to 19; ECF No. 41, 14T5 to 25.  The lead

5

detective testified that law enforcement officers attempted to obtain footage from the Asbury Park train station that would have shown the petitioner on May 13, 2013, but were unsuccessful due to a surveillance system malfunction.  ECF No. 39, 12T205-4 to 18.  At trial, petitioner through counsel, moved to dismiss the indictment or, alternatively, requested an adverse inference based on the alleged Brady violations.  ECF No. 43, 16T3-20 to 25, 16T4-15 to 5-3.  Judge Kirsch found there was "no identifiable evidence pointed to by the Defense that was either suppressed or destroyed."  ECF No. 39, 16T42-2 to 4.  Based on this record, Judge Lanzillo properly determined that "the conduct of the police investigators 'in no way demonstrates bad faith of the kind required by Trombetta and Youngblood.'" (Report and Recommendation at 26-7) (citation omitted).  Last, Judge Lanzillo properly found petitioner is not "entitled to an evidentiary hearing on this claim."  (Report and Recommendation at 27).  For all these reasons, which are explained in more detail in the State's Answer, habeas relief should be denied based on the second ground of the petition.

Thus, the State respectfully submits that Magistrate Judge Lanzaillo's Report and Recommendation thoroughly and correctly analyzed the issues raised in petitioner's habeas petition.  The Report and Recommendation properly determined that neither Ground One, nor Ground Two of the petition warrants relief.

Accordingly, this Court should adopt the Report and Recommendation in its entirety and deny the petition for a writ of habeas corpus.

        Respectfully submitted,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY
        ATTORNEY FOR RESPONDENTS

        /s/ *Amanda G. Schwartz*
        Amanda G. Schwartz
        Deputy Attorney General
        Atty No. 240412017
        schwartza@njdcj.org

Enclosure (Affidavit of Service)

c:  Caleb L. McGillvary
    1222665/102316G