Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Caleb L. McGillvary<br>    PLAINTIFF<br><br>V.<br><br>Bruce Davis, Administrator<br>NJSP, Attorney General of NJ<br>    DEFENDANT | CIVIL ACTION NO.<br>1:22-cv-04185-MRH<br><br>Hon. Mark R. Hornak, USDJ<br>Hon. Richard A. Lanzillo, USMJ<br>Motion Date: July 7, 2025 |

MEMORANDUM IN SUPPORT OF MOTION TO RECUSE MAGISTRATE JUDGE
RICHARD A. LANZILLO PURSUANT TO 28 U.S.C. 455(a)

**TABLE OF CONTENTS**

MOTION TO RECUSE MAGISTRATE JUDGE RICHARD A. LANZILLO PURSUANT TO 28 U.S.C. 455(a)
...1

STATEMENT OF FACTS AND PROCEDURAL HISTORY
...1

LEGAL ARGUMENT
...9

POINT I: THE DNJ JUDGE WHO DESIGNATED JUDGE LANZILLO FOR THIS CASE IS THE DEFENDANT IN A CASE CURRENTLY ON APPEAL IN WHICH PETITIONER ALLEGES SHE HAS CONSPIRED WITH OTHER JUDICIAL OFFICIALS, ALL OF WHICH WERE APPOINTED BY AN UNREGISTERED FOREIGN AGENT, TO OBSTRUCT THIS PROCEEDING; WHICH CREATES THE OBJECTIVE APPEARANCE OF IMPROPRIETY MANDATING THE RECUSAL OF THE MAGISTRATE SHE DESIGNATED FOR SERVICE IN THIS CASE
...9

A. STANDARD OF REVIEW
...9

B. ANALYSIS
...9

POINT II: JUDGE LANZILLO HAS ENGAGED IN WHAT APPEARS TO A REASONABLE OBESERVER TO BE GAMESMANSHIP ON BEHALF OF JUDGE BUMB, WHO DESIGNATED HIM TO THIS CASE, AND THE UNREGISTERED FOREIGN AGENT WHO RECOMMENDED HER NOMINATION, IN THE TIMING OF HIS REPORTS & RECOMMENDATIONS; WHICH CREATES THE APPEARANCE OF IMPROPRIETY
...10

A. STANDARD OF REVIEW
...10

B. ANALYSIS
...11

CONCLUSION
...12

# TABLE OF AUTHORITIES

**CASELAW**

Alexander v Primerica Holdings, Inc., 10 F.3d 155, 162 (CA3 1993)
...9, 11

In Re Caleb L. McGillvary, 2023 U.S. App. LEXIS 31386 (3d Cir. 2023)
...3

McGillvary v. Galfy, Dkt No. 2:21-cv-17121-MCA-CLW (USDC-DNJ)
...1, 2

McGillvary v Scutari et al, dkt no. 1:23-cv-22605-JMY
...in passim

**STATUTES**

18 U.S.C. 1956
...4

28 U.S.C. 292(b)
...5

28 U.S.C. 455(a)
...1, 9, 10, 12

28 U.S.C. 636(b)
...7

28 U.S.C. 1657(a)
...6, 8

**COURT RULES**

Fed. R. Civ. P. 27(a)
...4

Fed. R. Civ. P. 72(b)
...7, 8

F.R.E. 406
...11

**OTHER AUTHORITIES**

https://www.opensecrets.org
...4

**MOTION TO RECUSE MAGISTRATE JUDGE RICHARD A. LANZILLO PURSUANT TO 28 U.S.C. 455(a)**

Petitioner Caleb L. McGillvary ("Petitioner") hereby moves the Court for an order recusing Hon. Richard A. Lanzillo, U.S.M.J. from this matter pursuant to 28 U.S.C. 455(a). In support of this motion, Petitioner urges the following grounds:

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

On June 22, 2022, Petitioner filed the instant habeas petition. The case was assigned to Hon. Madeline Cox-Arleo, U.S.D.J. ("Judge Arleo").

On August 16, 2022, Petitioner filed a Rule 59 motion in the related case, McGillvary v. Galfy, Dkt No. 2:21-cv-17121-MCA-CLW (USDC-DNJ) ("The Galfy Case"); which was also assigned to Judge Arleo.

On September 13, 2022, this Rule 59 motion was fully briefed and ripe for decision. in the Galfy Case.

On October 27, 2022, after waiting over 4 months for a show cause order, Petitioner filed a petition for mandamus to the Third Circuit.

On December 2, 2022, the District Court issued a show cause order.

On March 3, 2023, Plaintiff had discovered that his trial judge in the criminal case underlying his habeas petition, Robert A. Kirsch, had been appointed to the federal bench in the District of New Jersey on recommendation of then-US Senator Bob Menendez, so he filed a motion to recuse Judge Kirsch.

1

On March 29, 2023, Judge Arleo issued a decision denying the Rule 59 motion in the Galfy Case, starting the clock for filing an appeal in the Galfy Case the day before the State of NJ's response was due in the instant case.

On March 30, 2023, after being granted two extensions of time, Respondent State of NJ filed a Response to the Show Cause Order in the instant case. In this Response, it was revealed that then-NJ State Judge Robert A. Kirsch had deleted all entries from 2013-2016 from the state court docket. See ECF 12.7, Pg. 52a. Judge Kirsch also deleted motion papers from the state court docket, which are now missing from the record because of that fact. See ECF 12.7, pgs. 55a-56a.

On April 5, 2023, Petitioner filed a motion for summary judgement by sending it to the Newark vicinage.

On April 13, 2023, Petitioner filed a motion for extension of time to file his traverse and reply, citing that the Respondent had been granted several extensions and he was pro se. This motion was denied.

On May 8, 2023, it being over a month since he had sent his motion for summary judgment, he included it with his traverse and reply in packages he mailed to all 3 vicinages of the District of New Jersey, simultaneously via USPS Certified Mail.

On May 15, 2023, the Clerk filed his motion for summary judgment and his traverse and reply to the State's Answer to the Show Cause Order, making the habeas petition ripe for a decision on this date.

2

On May 15, 2023, Petitioner sent a motion to withdraw his motion to recuse Judge Kirsch to the Newark vicinage via USPS Certified Mail. USPS showed delivery of this mail to the Newark vicinage on May 22, 2023. To this date, this document has never been entered onto the docket.

On May 23, 2023, Petitioner sent a motion to withdraw his IFP application in the case below to the Newark vicinage via USPS Certified Mail. USPS showed delivery of this mail to the Newark vicinage on June 5, 2023. To this date, this document has never been entered onto the docket.

On May 24, 2023, the case below was reassigned by Judge Bumb to Hon Michael E. Farbiarz, U.S.D.J.

On August 14, 2023, the case below was reallocated to Camden, and reassigned by Judge Bumb to Hon. Christine P. O'Hearn, U.S.D.J.

On August 15, 2023, less than 24 hours after the case had been assigned to her and without reviewing the documents in support of the motion, Judge O'Hearn denied the motion for summary judgment.

On September 28, 2023, Petitioner filed a petition for mandamus with the Third Circuit, complaining that the District Court was obstructing his habeas petition by playing Hot Potato with its assignment and refusing to file his motions onto the docket. He asked for the Chief Judge Renee Marie Bumb to be recused from his case, and his case to be transferred to the Eastern District of Pennsylvania. See In Re Caleb L. McGillvary, 2023 U.S. App. LEXIS 31386 (3d Cir. 2023).

3

On November 6, 2023, Petitioner filed a civil lawsuit pursuant to the Prison Mailbox Rule: naming, among others, the assignment Judge Bumb, his trial Judge Kirsch, and the presiding habeas Judges Arleo and O'Hearn as defendants; alleging that they engaged in racketeering activity including obstruction of justice on behalf of the network of the unregistered foreign agent who secured each of their appointments to the federal bench, former US Senator Robert Menendez. See McGillvary v Scutari et al, dkt no. 1:23-cv-22605-JMY

On November 6, 2023, Petitioner sent a petition under Fed. R. Civ. P. 27(a) to preserve the testimony of a 75 year old key witness in both this and the Galfy Case, to the Camden vicinage via Certified Mail. On November 16, 2023 the Clerk of the Camden vicinage signed the return receipt for this document. As of today's date, this document has not been entered onto the docket.

On December 1, 2023, Petitioner filed a motion to recuse Judge O'Hearn, citing amongst other reasons the complaints he filed with the District Court, the Federal Elections Commission, and the Department of Justice regarding her money laundering. See https://www.opensecrets.org (O'Hearn made two $2,500 transactions on September 25, 2011 structured to avoid the reporting requirements for campaign contributions over $3,300 imposed by federal law, in violation of 18 U.S.C. 1956)

On December 12, 2023, the Respondent State of NJ filed a response to the motion to recuse indicating that they would not oppose it.

4

On December 21, 2023, Chief Judge of the 3rd Circuit Michael A. Chagares intervened in McGillvary v Scutari et al and reassigned the case to a district judge outside of the District of NJ pursuant to 28 U.S.C. 292(b).

On January 2, 2024, Chief Judge Chagares again reassigned the case to a different judge from the Eastern District of Pennsylvania, Hon. John Milton Younge, U.S.D.J. under 28 U.S.C. 292(b).

On January 9, 2024, Hon. Christine P. O'Hearn ordered in regards to the pending motion to recuse that the habeas case was administratively terminated pending the resolution of McGillvary v Scutari et al.; thereby suspending the writ of habeas corpus.

For the time between January 9, 2024 and August 21, 2024, the writ of habeas corpus remained suspended in regards to this case.

On January 10, 2024, Petitioner filed a petition for writ of mandamus to the Third Circuit, requesting an order that the writ of habeas corpus be unsuspended and his case be transferred out of district.

On July 26, 2024, the Chief Judge of the Third Circuit designated Hon. Mark R. Hornak, U.S.C.J. from the Western District of Pennsylvania to hold a District Court within the District of New Jersey pursuant to 28 U.S.C. 292(b); and assigned this case to him.

On July 29, 2024, Judge Bumb designated Hon. Richard A. Lanzillo, U.S.M.J. as the magistrate judge in this case,

5

notwithstanding the motions to recuse her and the pending lawsuit against her.

On August 21, 2024, Judge Hornak reopened the case, and referred the petition for habeas corpus and summary judgment thereon to Judge Lanzillo.

On September 17, 2024, Petitioner filed a motion to advance the cause under 28 U.S.C. 1657(a).

On September 30, 2024, the Clerk of the DNJ had refused even after almost a year to serve process on select Defendants in the Scutari case, so Petitioner filed a petition for writ of mandamus with out of district Judge Younge, asking him to direct the Clerk to comply with the out of district Judge's order to serve process on Defendants in the Scutari Case.

On October 29, 2024, Judges Bumb, Arleo, and O'Hearn filed a motion to dismiss the Scutari Case.

On November 5, 2024, exactly 7 days after Judge Bumb filed her motion, Judge Lanzillo entered a Report & Recommendation (R&R) in this case, during the briefing schedule for Judges Bumb, Arleo, and O'Hearns' motion. Judge Lanzillo did not address Petitioner's motion to advance the cause whatsoever; but seems to have rather had chatGPT rewrite the Respondent's Answer in the form of an R&R, without any reference to the Traverse & Reply.

On November 18, 2024, Petitioner timely filed objections to the R&R.

On November 20, 2024, Judge Younge granted Petitioner's Petition for writ of mandamus, and issued the writ directing the

6

Clerk of the DNJ to serve process upon defendants in the Scutari Case.

On December 17, 2024, Respondent filed a response to Petitioner's objections, making the R&R ripe for review by the District Judge as of right under Fed. R. Civ. P. 72(b) and 28 U.S.C. 636(b).

On April 24, 2025, Petitioner filed a motion for a final appealable order in the Scutari Case.

On May 8, 2025, Judges Bumb, Arleo, and O'Hearn, together with unregistered foreign agent Bob Menendez, filed an opposition to Petitioner's motion for final appealable order.

On May 13, 2025, Judge Younge issued a final appealable order in the Scutari Case.

On May 15, 2025, out of the clear blue sky, and while the objections to the R&R were pending before the District Judge in the instant case, Judge Lanzillo filed an amended Report & Recommendation. The amended report and recommendation was identical to the first, word for word, in every respect; except for two minor style alterations and the removal of a single spurious footnote. This filing indicated that Plaintiff had only 14 days to file objections or would waive his right to appeal the denial of his habeas petition, and effectively gave Respondent a second bite at the apple, all while Petitioner was within the 30 day window to file his papers initiating an appeal in the Scutari Case. This purported amended R&R appears to have no substantive purpose other than to disrupt Petitioner's ability to litigate the Scutari Case, to attempt to reset the clock yet again (for

7

the fifth time) the ripeness of his petition for adjudication, and apparently to attempt a second time to bar his appeal with the 14 day limit for objections to the R&R. The magistrate undertook this filing without jurisdiction, the pending appeal to the District Judge under Rule 72(b) having stripped him of jurisdiction over the R&R and petition. Notably, Judge Lanzillo did not address nor mention the motion to advance the cause.

On May 19, 2025, Petitioner filed his notice of appeal in the Scutari case, taking an appeal as of right from the May 13, 2025 order dismissing all claims against Judge Bumb. Also on this date, Petitioner reiterated his objections to the "amended R&R," which was nearly identical to the first, by filing them with the Court.

As of today's date, the motion to advance the cause under 28 U.S.C. 1657(a) remains pending. Numerous ordinary civil cases, including diversity cases, have been advanced by the District Court on the docket in front of this habeas case while the motion languishes.

This motion is now before the Court.

8

## LEGAL ARGUMENT

### POINT I: THE DNJ JUDGE WHO DESIGNATED JUDGE LANZILLO FOR THIS CASE IS THE DEFENDANT IN A CASE CURRENTLY ON APPEAL IN WHICH PETITIONER ALLEGES SHE HAS CONSPIRED WITH OTHER JUDICIAL OFFICIALS, ALL OF WHICH WERE APPOINTED BY AN UNREGISTERED FOREIGN AGENT, TO OBSTRUCT THIS PROCEEDING; WHICH CREATES THE OBJECTIVE APPEARANCE OF IMPROPRIETY MANDATING THE RECUSAL OF THE MAGISTRATE SHE DESIGNATED FOR SERVICE IN THIS CASE

### A. STANDARD OF REVIEW

"Whenever a judge's impartiality 'might reasonably be questioned' in a proceeding, 28 U.S.C. 455(a) commands the judge to disqulaify himself sua sponte in that proceeding. For purposes of 455(a) disqualification, it does not matter whether the district court judge actually harbors any bias against a party or that party's counsel. This is so because 455(a) concerns not only fairness to individual litigants, but equally important, it concerns the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." Alexander v Primerica Holdings, Inc., 10 F.3d 155, 162 (CA3 1993)(Internal quotations and citations omitted).

### B. ANALYSIS

Plaintiff has alleged in McGillvary v Scutari that the DNJ judge who designated Magistrate Judge Lanzillo for service secured her federal judgeship through the unregistered foreign agent Robert Menendez's act of lobbying for that judge's nomination to the federal bench. See Scutari Case at ECF 84. Robert Menendez has been convicted for acting as an unregistered foreign agent and accepting bribes for performing official acts

9

such as recommending federal nominations during the period in which he recommended said Judge's nomination to the bench. Plaintiff's complaint in Scutari alleges that Menendez's quid pro quo arrangements were in furtherance of a money laundering network which Judge Bumb forms a part of; and which, according to the records of the NJ Election Law Enforcement Commission, included the alleged victim in the underlying state criminal case challenged through this habeas action. The appeal as of right of that case remains pending.

A reasonable person, informed of all these facts, would reasonably question the propriety of a defendant/appellee in that case designating the magistrate judge presiding over the habeas petition of the Plaintiff in this case. Certainly, it would be inappropriate in the eyes of a reasonable person for such a judge to preside by proxy over this habeas petition while there is such a controversy on appeal to the Third Circuit.

For all the foregoing reasons, Petitioner respectfully urges the Court to recuse Judge Lanzillo from this matter, pursuant to 28 U.S.C. 455(a)

**POINT II: JUDGE LANZILLO HAS ENGAGED IN WHAT APPEARS TO A REASONABLE OBESERVER TO BE GAMESMANSHIP ON BEHALF OF JUDGE BUMB, WHO DESIGNATED HIM TO THIS CASE, AND THE UNREGISTERED FOREIGN AGENT WHO RECOMMENDED HER NOMINATION, IN THE TIMING OF HIS REPORTS & RECOMMENDATIONS; WHICH CREATES THE APPEARANCE OF IMPROPRIETY**

**A. STANDARD OF REVIEW**

"Whenever a judge's impartiality 'might reasonably be questioned' in a proceeding, 28 U.S.C. 455(a) commands the judge

10

to disqulaify himself sua sponte in that proceeding. For purposes of 455(a) disqualification, it does not matter whether the district court judge actually harbors any bias against a party or that party's counsel. This is so because 455(a) concerns not only fairness to individual litigants, but equally important, it concerns the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." Alexander v Primerica Holdings, Inc., 10 F.3d 155, 162 (CA3 1993)(Internal quotations and citations omitted).

## B. ANALYSIS

As of today's date, it has been over 24 months since Petitioner's petition became ripe for adjudication on May 15, 2023. Every time he gets close to an adjudication, the network of appointments recommended by unregistered foreign agent Bob Menendez intervenes and resets the clock: May 24, 2023; August 14, 2023, January 9, 2024... the list of resets continues to this day. Judge Bumb, along with every other habeas judge who's entered orders in the case below prior to the designation of Judge Hornak, was recommended for appointment by that foreign agent; and she in turn assigned Judge Lanzillo to this case. The doctrine of objective chances is properly invoked for the fact that all three of the District Judges which Judge Bumb assigned the case to were recommended by Menendez; and her habit thus being established under F.R.E. 406, it follows that she acted in conformity therewith in her selection of Judge Lanzillo.

11

The pattern of a filing by Judge Bumb and Unregistered Foreign Agent Menendez in the Scutari case being entered onto the docket, and exactly 7 days later, during the middle of Plaintiff's time for response, Judge Lanzillo filing another extraneeous and nearly-identical R&R, is clear from the record. It seems to the objective observer as though Judge Lanzillo is trying to curry favor with the network of that unregistered foreign agent and their recommended appointments, in an effort to secure for himself a life-tenured District Judgeship at Petitioner's expense. This creates the reasonable appearance of impropriety and should warrant his removal from this case under 28 U.S.C. 455(a).

## CONCLUSION

For all the foregoing reasons, the designation of Judge Lanzillo by Judge Bumb, and Judge Lanzillo's subsequent timing of filings seemingly so as to give Judge Bumb and the unregistered foreign agent who recommended her appointment an unfair advantage in the Scutari case, create an appearance of improriety that necessitates the removal of Judge Lanzillo under 28 U.S.C. 455(a).

Date: 5/23/25

Respectfully Submitted,

Caleb L. McGilvlary
#1222665/SBI# 102317G
NJSP PO Box 861
Trenton, NJ 08625-0861

12