IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>        Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL OF THE<br>STATE OF NEW JERSEY, et al.,<br><br>        Respondents. | )<br>)<br>)<br>)   1:22-CV-04185-MRH<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER ADOPTING AMENDED REPORT & RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner brings this habeas action under 28 U.S.C. § 2254, alleging that he is currently in state custody in violation of the Constitution of the United States. Specifically, he asserts two grounds for relief. First, Petitioner claims that the state trial court violated his Sixth Amendment right to self-representation when it denied his request to "litigate [his] motion [to dismiss] pro se" and to "pro se . . . argue [his] case." (ECF No. 1 at 7).[1] And second, Petitioner claims that the trial court violated his Fourteenth Amendment due process rights when it denied his pro se *Brady* motion. (ECF No. 1 at 11-13).

The matter was referred to Magistrate Judge Richard A. Lanzillo for the making of reports and recommendations. The Magistrate Judge submitted a Report and Recommendation ("R&R") on November 5, 2024. (ECF No. 55). On May 15, 2025, the Magistrate Judge submitted an Amended R&R, which corrected certain citations but made no substantive changes. (ECF No. 62). The Magistrate Judge recommended that the Petition and the accompanying motion for summary judgment be denied without an evidentiary hearing. (ECF No. 55 at 12 n.4, 22, 26-29; ECF No. 62

---

[1] The page numbers herein refer to the pagination indicated in the ECF filing, not the page numbers on the native documents.

1

at 12 n.4, 20-21, 25-29). He also recommended that a certificate of appealability should not issue. (ECF No. 55 at 29; ECF No. 62 at 27-28). Petitioner has filed Objections to the R&R (ECF No. 58), and the Respondents have filed their response (ECF No. 61). Petitioner has also filed Objections to the Amended R&R (ECF No. 63). The matter is now ripe for adjudication.

The Court has carefully reviewed the R&R, the Objections, the Response to Objections, the Amended R&R, the Objections to the Amended R&R, and the other papers of record in this matter,[2] and has undertaken *de novo* review of the matters to which Objections were directed. Based on this review, the Court concludes that the disposition recommended by the Magistrate Judge is correct, and in accord with the record and the applicable law.

The Court offers the following additional observations, which will supplement the Amended R&R as the Opinion of this Court.

First, there is nothing in the Amended R&R to suggest that the Magistrate Judge "summarily ignore[d]" the Petitioner's Reply. The Magistrate Judge specifically notes that Petitioner filed a reply. (*See* ECF No. 55 at 12). The Magistrate Judge's failure to cite to it in his substantive discussion of Petitioner's habeas petition does not mean that its content was not considered, and in any case, this Court has considered the content of the Reply and adopts the Amended R&R.

Second, throughout his Objections, Petitioner argues that Respondents have admitted all facts contained in his Statement of Material Facts that accompanied his summary judgment motion. The Federal Rules of Civil Procedure do not automatically apply to § 2254 proceedings.

---

[2] The Court specifically notes that it considered, among other papers, the Petition (ECF No. 1), the supporting Memorandum of Law (ECF No. 2), Answer (ECF No. 12), the Reply (ECF No. 16), the Petitioner's motions for summary judgment (ECF Nos. 15, 26, 44), and the briefing that accompanied those motions.

Rules Governing § 2254 Cases, Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, *may be applied* to a proceeding under these rules." (emphasis added)). But even if the entirety of Rule 56 applied to habeas actions, that Rule provides only that the Court may consider the fact undisputed "for purposes of the motion." Fed. R. Civ. P. 56(e)(2); *see also* D.N.J. Civ. R. 56.1(a) ("[A]ny material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion."). The rule does not provide that those facts are undisputed for the Court's merits determination on the Petition itself, which is what the Court has done here. Now that the Court has concluded that it should deny the Petition on the merits, the Court need not separately evaluate his Motion for Summary Judgment: Petitioner could not have been entitled to a judgment as a matter of law given that the Court has ruled against him on the merits.[3]

Third, as the Magistrate Judge correctly explains, understood in context, Petitioner's submission of a pro se motion at his state court trial to dismiss the charges in his underlying state-court case and his then-statement, "For the record, Judge, I assert my Sixth Amendment right to litigate my motion pro se and I have requested pro se to argue my case," (ECF No. 12-34 at 3), do not amount to a "clear[] and unequivocal[]" invocation of the right to self-representation, *Buhl v. Cooksey*, 233 F.3d 783, 792 (3d Cir. 2000). This Court agrees with the state trial court and the Magistrate Judge who both concluded that Petitioner's pro se motion and statement were attempts at hybrid representation, *i.e.*, attempts to proceed pro se only for the purposes of his motion to dismiss. (*See* ECF No. 12-17 at 3 n.1 ("The court denied Appellant's ore tenus motion to represent himself regarding the pro se motion to dismiss. Appellant's oral request specifically referenced his

---

[3] As our Court of Appeals has said in this very case, the Court is within its discretion to reach the merits of the petition before adjudicating Petitioner's Motion for Summary Judgment. *In re McGillvary*, No. 23-2660, 2023 WL 8229975 (3d Cir. Nov. 28, 2023).

pro se motion and was not a clear and unequivocal invocation of his Sixth Amendment privilege to represent himself at trial."); ECF No. 62 at 17 ("The wording of his verbal request . . . strongly suggests that his purpose in speaking up was to obtain a ruling on his pro se motion to dismiss.")). A represented defendant has no right to file or argue a particular motion pro se. *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (no right to hybrid representation); *United States v. Vampire Nation*, 451 F.3d 189, 206-07 & 207 n.17 (3d Cir. 2006); *United States v. D'Amario*, 268 F. App'x 179, 180 (3d Cir. 2008).

But even if Petitioner's statement to the state trial court were *best* understood as an effort to invoke his right to self-representation and a request to proceed pro se generally, Petitioner's request would nonetheless be ambiguous at the very least, and his *Faretta* claim could also be denied on this basis. *See United States v. Williams*, No. 21-2039, 2023 WL 2945900, at *1 (3d Cir. Apr. 14, 2023) ("[A] defendant must state his request to proceed pro se 'unambiguously to the court so that no reasonable person can say that the request was not made.'" (quoting *Buhl*, 233 F.3d at 790 n.9)), *cert. denied*, 144 S. Ct. 615 (2024).

Fourth, regarding the question of an evidentiary hearing before this Court, even if 28 U.S.C. § 2254(e) did not prohibit the Court from holding an evidentiary hearing in these circumstances, the Court would still be within its discretion to deny Petitioner's request for a hearing. As our Court of Appeals has held on a number of occasions, AEDPA "does not require that such a hearing be held." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000). In determining whether a hearing is proper, the Court should consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief," and whether "the record refutes the applicant's factual allegations." *Palmer v. Hendricks*, 592 F.3d

386, 393 (3d Cir. 2010). The central focus of this inquiry is determining whether a new hearing would advance the petitioner's claim. *Campbell*, 209 F.3d at 287.

      Petitioner requests an evidentiary hearing in this Court to present expert testimony on what crime-scene and other evidence was not properly collected, to have the expert opine on the proper practices and what proper practices could have uncovered, and to have the expert opine on whether police officers acted in bad faith. (*See* ECF No. 1-5 at 3-4). The Court concludes that such a hearing would not meaningfully advance disposition of Petitioner's claims. First, as the Magistrate Judge noted, the state trial court did not violate the Constitution by failing to honor Petitioner's pro se request as to his motion to dismiss given that Petitioner was represented by counsel. (*See* ECF No. 55 at 23; ECF No. 62 at 21). An evidentiary hearing would not change the Court's analysis on this point. Second, the Petitioner has already had the incentive and the opportunity to challenge the diligence of the investigation, and he has, in fact, done so. At trial, Petitioner elicited testimony from the investigating officers about what steps they took (and failed to take) and the rationale behind their actions. (*See* ECF No. 61 at 5-6). Petitioner also called an expert to testify about proper police procedures. (*See* ECF No. 12-42 at 3-14). But for all the reasons discussed by the Magistrate Judge, Petitioner's evidence comes up short: the evidence that Petitioner presented at trial does not demonstrate that the police acted in bad faith. (*See* ECF No. 55 at 27-29; ECF No. 62 at 26-27; *see also* ECF No. 12-43 at 4-24). Rather, it demonstrates that any shortcomings in the investigation—to the extent there were any—would have been negligent at most, (*see* ECF No. 55 at 27-29; ECF No. 62 at 26-27), and as the Magistrate Judge explains, because the "lost" evidence was at most "potentially exculpatory," a finding that the police acted negligently would be insufficient to support Petitioner's claim. (*See* ECF No. 55 at 24-25; ECF No. 62 at 23-24). Petitioner has not demonstrated that a new hearing is likely to adduce facts lead to a different conclusion.

For these reasons and all those stated in the Amended R&R, Petitioner has not demonstrated that he is in state custody in violation of federal law. *See* 28 U.S.C. § 2254(a). The Court will not issue a certificate of appealability because "reasonably jurists" would not find the Court's assessment of Petitioner's claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, with the additions set out in this Memorandum Order, the Amended R&R (ECF No. 62) is **ADOPTED** as the Opinion of the Court. The Petition for Writ of Habeas Corpus (ECF No. 1) will be **DENIED**. A Certificate of Appealability **SHALL NOT ISSUE**.

By separate Order, the Court will enter Judgment consistent with the Amended R&R as supplemented by this Memorandum Order.

    /s/ Mark R. Hornak  
    Mark R. Hornak  
    Chief United States District Judge

Dated: June 5, 2025